# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOEL PLAZA JR.,** : | |
|     **Plaintiff,** : | |
| : | |
| v. : | No. 24-cv-5943 |
| : | |
| **LANCASTER COUNTY** : | |
| **COMMISSIONERS,** *et al.*, : | |
|     **Defendants.** : | |

## O R D E R

**AND NOW**, this 5th day of February, 2025, upon consideration of Plaintiff Joel Plaza Jr.'s Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 5), and *pro se* Complaint (ECF No. 2), **IT IS ORDERED THAT**:

    1.    Leave to proceed *in forma pauperis*, (ECF No. 1), is **GRANTED** pursuant to 28 U.S.C. § 1915.

    2.    Joel Plaza Jr., #QQ-1945, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Phoenix or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Plaza's inmate account; or (b) the average monthly balance in Plaza's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Plaza's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to

Plaza's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI Phoenix.

4. The Complaint is **DEEMED** filed.

5. The Clerk of Court is **DIRECTED** to correct the name of "Warden Steinberger" to read "Warden Steberger."

6. For the reasons stated in the Memorandum, Plaza's claims for retrospective declaratory relief, sexual abuse, First Amendment retaliation, claim against Lancaster County Jail, claims based on his grievances, and state law assault and battery claim are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). All other claims, with the exception of Plaza's claims against Defendants John Doe #7 and John Doe #8 based on deliberate indifference to serious medical needs, are **DISMISSED WITHOUT PREJUDICE**. The claims against Defendants John Doe #7 and John Doe #8 based on deliberate indifference to serious medical needs will not be dismissed at this time.

7. The Clerk of Court is **DIRECTED** to terminate Lancaster County Jail and Norberto Sotomyer as Defendants.

8. The Clerk of Court is **DIRECTED** to send Plaza a blank copy of the Court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number.

9. **On or before March 10, 2025**, Plaza shall file an amended complaint in the event he can allege additional facts to cure the defects the Court has identified in the claims dismissed without prejudice. Any amended complaint shall identify all defendants in the caption of the

amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Plaza's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 24-5943.  If Plaza files an amended complaint, his amended complaint must be a complete document that includes all of the bases for Plaza's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims. **Claims that are not included in the amended complaint will NOT be considered part of this case, including the claims against Defendants John Doe #7 and John Doe #8 based on deliberate indifference to serious medical needs.**  This means that Plaza must reassert the claims against Defendants John Doe #7 and John Doe #8 based on deliberate indifference to serious medical needs if he wants to pursue them.  If these are the only two claims/defendants Plaza decides to pursue, the amended complaint must identify John Doe #7 and/or John Doe #8 by name so that service may be effectuated.  **There must be at least one named defendant in the amended complaint for the case to proceed.**  Plaza may not assert a claim that has already been dismissed with prejudice.  When drafting his amended complaint, Plaza should be mindful of the Court's reasons for dismissing his claims as explained in the Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so ordered by the Court.

10. If Plaza does not file an amended complaint, the claims dismissed without prejudice in paragraph #6 of this Order will be dismissed with prejudice.  Additionally, the claims against Defendants John Doe #7 and John Doe #8 will be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

                                          **BY THE COURT:**

                                          */s/ Joseph F. Leeson, Jr.*

                                          **JOSEPH F. LEESON, JR.**
                                          **United States District Judge**